IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE OPTION ONE MORTGAGE LOAN TRUST 2007-2, ASSET-BACKED CERTIFICATES, SERIES 2007-2,<br><br>      Plaintiff,<br><br>  vs.<br><br>DONNIE R. CORTEZ; ANNABELLE S. CORTEZ; DEPARTMENT OF TAXATION, STATE OF HAWAII; CREDIT ASSOCIATES OF MAUI, LTD.; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,<br><br>      Defendants. | CIVIL NO. 16-00349 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR REMAND

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") Motion for Remand, filed July 25, 2016.  Defendant Donnie Cortez ("Defendant") did not file a response.  Plaintiff filed a Reply on October 7, 2016.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d)

of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.

## BACKGROUND

On November 15, 2011, Plaintiff filed an action in the Circuit Court of the Second Circuit, State of Hawaii.  It appears that Defendant was served by certified mail in February of 2013.

Judgment entered in the state court action on April 8, 2015.  On May 4, 2016, the state court confirmed the foreclosure sale and entered a judgment and a writ of possession of the subject property.

On June 27, 2016, Defendant filed a Notice of Removal ("Notice").

## DISCUSSION

Plaintiff moves to remand this action to the Circuit Court of the Second Circuit, State of Hawaii, on two grounds:  1) the state court action does not involve a federal question and 2) the Notice was untimely filed.

I.   Removal was Improper

Based on what the Court is able to discern from

the Notice, Defendant removed the instant case on the basis of federal question jurisdiction. Section 1441(a) provides, in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

"A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's

well-pleaded complaint."  Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) (citations omitted).  That is, "[t]he federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" Id. at 822 (citation omitted).  Here, the Complaint only contains a state law foreclosure claim.  Consequently, the Court finds that the Notice fails to establish a proper basis for removal and this Court recommends that the district court remand the case to the Second Circuit Court, State of Hawaii.  28 U.S.C. § 1447(c).

II.  Timeliness of Removal

Although the Court has already determined that removal was improper, it also finds that Defendant untimely removed this action.  Defendant was served with the Complaint in February of 2013.  Notices of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

based." 28 U.S.C. § 1446(b)(1).  Defendant did not file the Notice until June 27, 2016, more than three years after he was served with the Complaint. Consequently, Defendant's Notice was untimely and the action should be remanded to state court.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for Remand, filed July 25, 2016, be GRANTED, and that the action be remanded to the Circuit Court of the Second Circuit, State of Hawaii.  The October 21, 2016 hearing on the Motion is HEREBY VACATED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 14, 2016.




Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00349 JMS-KSC; WELLS FARGO BANK, N.A. V. CORTEZ, ET AL.;
FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND